IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:21-CV-74-BO

| | |
|---|---|
| JO ANNE SILVA, *individually and on behalf of all others similarly situated*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONNECTED INVESTORS, INC., )<br>)<br>Defendant. ) | O R D E R |

This matter comes before the court on Defendant's motion to stay discovery pending resolution of its motion for judgment on the pleadings. [DE-17]. Plaintiff filed a response in opposition to the motion. [DE-20]. For the reasons that follow, the motion to stay is allowed.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery, and "whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Const., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (citation omitted). Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). The court in exercising its judgment must weigh the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims.

*United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Plaintiff filed this putative class case alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), by using prerecorded messages to market its goods and services to individuals' cellular phone numbers without first obtaining the required express written consent. Compl. [DE-1] ¶¶ 1, 3. The court entered its Scheduling Order on July 27, 2021, approving the parties' joint discovery plan, and setting deadlines relative to class certification in November and December of 2021. [DE-14]. On August 11, 2021, Defendant filed a motion for judgment on the pleadings, [DE-15], and on August 20, 2021, Defendant filed the instant motion to stay discovery, [DE-17].

Defendant contends that a stay of discovery is appropriate because (1) if granted, the motion for judgment on the pleadings will dispose of this matter and obviate the need for burdensome class discovery, (2) Plaintiff served discovery requests on Defendant seeking broad and detailed information, the production of which will require more time, effort, and expense than Defendant initially anticipated, (3) the class information is not necessary to disposition of the motion for judgment on the pleadings, (4) a limited stay will conserve resources, and (5) Plaintiff will not be prejudiced by a limited stay at the early stages of litigation, in contrast to the burden Plaintiff's discovery requests place on Defendant. *Id.* at 1–2.

Plaintiff opposes a stay and argues that (1) Defendant's request comes too late—four months into the case, nearly one month after entry of the Scheduling Order, and after Defendant's discovery responses were due; (2) Defendant is unlikely to succeed on its motion for judgment on the pleadings; (3) Defendant's motion essentially seeks summary judgment and discovery is needed to resolve issues of fact; and (4) Plaintiff would be prejudiced by a stay because she would be denied discovery necessary to test Defendant's version of the facts, and a stay would increase the likelihood discovery will be lost where non-parties have relevant evidence. [DE-20] at 1–2.

The court finds the balance of factors narrowly favors allowing the motion to stay. First, Defendant's pending motion for judgment on the pleadings, if allowed, will terminate the litigation. Second, the motion for judgment on the pleadings is strongly contested, and Plaintiff asserts there are factual issues in dispute that are necessary to resolve the ultimate question of Defendant's liability. However, discovery is not necessary to resolve to the motion for judgment on the pleadings. If Plaintiff is correct that there are disputed issues of material fact, then the motion should be denied or, if the motion is converted to one for summary judgment, the parties should be given "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Nationwide Mut. Ins. Co. v. Wahome*, No. 5:15-CV-601-FL, 2018 WL 4689443, at *4 (E.D.N.C. Sept. 28, 2018) ("A Rule 12(c) motion is designed to dispose of cases *when the material facts are not in dispute* and the court can judge the case on its merits by considering the pleadings and any attachments to the pleadings and materials referenced . . . .") (emphasis added). Thus, a stay of discovery at this time would not deprive the parties of the opportunity to present evidence necessary to the disposition of the motion for judgment on the pleadings. Finally, the delay inherent in staying discovery is unlikely to be inordinate where the motion for judgment on the pleadings is fully briefed and ripe for decision, and Plaintiff's assertion

of prejudice based on the potential for lost discovery is generalized. If Plaintiff has specific concerns regarding the need to preserve discovery from non-parties, she can address those with opposing counsel and the court. Any potential prejudice to Plaintiff from the delay inherent in a stay is insufficient to outweigh the potential efficiencies a stay may generate where this putative class action will entail a large amount of discovery. In the event Plaintiff's claim survives the motion for judgment on the pleadings, the court expects discovery will proceed expeditiously.

Accordingly, for good cause shown, Defendant's motion to stay discovery pending ruling on the motion for judgment on the pleadings is allowed. In the event the motion for judgment on the pleadings is denied, the parties shall file a new discovery plan within fourteen (14) days of the court's order denying the motion.

SO ORDERED, the 16 day of September, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge