IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-74-BO

| | | |
|---|---|---|
| JO ANNE SILVA, individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | O R D E R |
| CONNECTED INVESTORS, INC., | ) ) ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for judgement on the pleadings [DE 15]. Plaintiff responded and defendant replied. The motion is now ripe for ruling. For the following reasons, defendant's motion is DENIED.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. FED. R. CIV. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). Courts view the pleadings in the light most favorable to the non-

moving party, but courts do not have to accept implausible inferences or the plaintiff's legal conclusions. *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021).

The Telephone Consumer Protection Act of 1991 prohibits sending a pre-recorded voice message to a cellular phone without prior express consent of the party called. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges in her complaint that she received an automated voice message from defendant and that the message advertised defendant's products and services. Plaintiff alleges that she did not provide prior express consent. The Court, viewing the facts in the light most favorable to the non-moving party, finds that plaintiff has stated a facially plausible claim in her complaint. Accordingly, defendant's motion for judgement on the pleadings [DE 15] is DENIED.

SO ORDERED, this __3__ day of February, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE