IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CV-74-BO

| | |
|---|---|
| JO ANNE SILVA, *individually and on behalf of all others similarly situated,* ) ) ) | |
| v. ) ) | O R D E R |
| CONNECTED INVESTORS, INC., ) ) | |
| Defendant. ) | |

This matter comes before the court on a motion by Plaintiff to compel discovery [DE-31] and a motion by Defendant to amend the scheduling order. [DE-34]. The court held a hearing on the motions. For the reasons discussed below, Plaintiff's motion is allowed and Defendant's motion is denied.

## I. BACKGROUND

Plaintiff filed a complaint on April 26, 2021, individually and on behalf of others similarly-situated in this putative class action asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). Compl. [DE-1]. Plaintiff alleges that she received an automated voice message from Defendant on or about March 31, 2021, advertising its products and services without her prior express consent in violation of the TCPA. *Id.* ¶¶ 22, 25; Order [DE-26] at 2. Plaintiff brings this case on behalf of a putative class defined as

> [a]ll persons in the United States who, within four years prior to the filing of this action, (1) were sent a prerecorded message by or on behalf of Defendant, (2) regarding Defendant's goods, products or services, and (4) for which Defendant failed to secure the called party's express written consent and/or after the called party requested to not received [sic] future prerecorded messages from Defendant.

Compl. [DE-1] ¶ 34. Plaintiff alleged that Defendant, or its directed third-parties, used prerecorded

messages to make non-emergency telephone calls to the cellular telephones and telephones of Plaintiff and other members of the Class. *Id.* ¶¶ 49, 50. Defendant, in violation of the TCPA, did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made. *Id.* ¶¶ 52, 53.

Defendant answered the complaint on June 24, 2021. Ans. [DE-11]. The court issued its order for a discovery plan and, on July 25, 2021, the parties filed their Joint Rule 26(f) Report. [DE-13]. The Joint Rule 26(f) Report contains the parties' proposed framework of discovery in this case, including the type of discovery to be conducted, topics to be discovered, and various case deadlines. On July 27, 2021, the court entered its Scheduling Order approving as modified the parties Joint Rule 26(f) Report. [DE-14]. Neither the parties' Joint Rule 26(f) Report nor the court's Scheduling Order provide for phased or bifurcated discovery.

Plaintiff served written discovery requests on Defendant on July 25, 2021, including the Request for Production of Documents ("RFP") that are the subject of Plaintiff's motion to compel. On August 20, 2021, Defendant filed a motion to stay discovery pending the court's ruling on its motion for judgment on the pleadings, filed August 11, 2021. [DE-17]. On September 16, 2021, the court allowed Defendant's motion to stay. [DE-23]. The court instructed the parties that in the event Defendant's motion for judgment on the pleadings was denied the parties were to file a new discovery plan within fourteen days of the court's order denying the motion. *Id.* On February 4, 2022, the court denied Defendant's motion for judgment on the pleadings. [DE-26]. On February 15, 2022, the parties filed an Amended Joint Rule 26(f) Report. [DE-27]. As before, the parties' proposal included the type of discovery to be conducted, topics to be discovered, and various case deadlines. There was no request by the parties, jointly or otherwise in their proposal, to bifurcate

2

discovery in this case.

Correspondence between counsel indicates the parties were working toward producing documents at least in part in response to Plaintiff's document requests. [DE-31-1] at 4–5. Counsel for Plaintiff reiterated this arrangement during the hearing. In fact, in one e-mail Defendant's counsel indicated that her client would need a protective order in place before any information related to the class would be produced because "the class data is, essentially, a customer list." *Id.* at 1.

On February 22, 2022, the parties filed a consent motion for a protective order. [DE-28]. The court entered the parties' Consent Protective Order on March 1, 2022. [DE-29]. Neither the parties' proposed consent protective order nor the protective order entered by the court provided for bifurcated or phased discovery.

It appears that Defendant retained new counsel sometime between February and April 2022. [DE-31-1, -2]; [DE-42-1]. It was indicated at the hearing, and also reflected in correspondence, that after familiarizing themselves with the case, new counsel was not agreeable to producing documents related to the putative class until the posture of the case had changed and the court had an opportunity to rule on dispositive and jurisdictional issues that would be based on individualized discovery. [DE-31-2]; [DE-42-1].

On April 29, 2022, Plaintiff filed the instant motion to compel seeking an order from this court to compel Defendant to provide documents responsive to its written discovery. [DE-31]. On that same date, through its new counsel, Defendant moved to amend the scheduling order. [DE-34].

These motions have been briefed fully and are ripe for disposition.

3

## II. ANALYSIS

### A. Defendant's Motion to Amend/Modify the Scheduling Order

Defendant moves to amend the scheduling order to allow for bifurcation or phased discovery. In support of its motion Defendant states that it has retained new counsel with substantial TCPA experience and new counsel has identified two issues regarding Plaintiff's claims that warrant individualized discovery before conducting class discovery. [DE-35] at 1. In particular, Defendant contends Plaintiff's claim of receiving a single ringless voicemail ("RVM") without more fails to create an injury-in-fact to confer standing under Article III and that Plaintiff's alleged RVM is in fact not a "call" prohibited by the statutory language under the TCPA. *Id.* Defendant argues a phased approach to discovery reflects the typical practice in TCPA litigation and the court's previous scheduling order is out of date and needs to be updated. *Id.* at 2. Finally, according to Defendant, by narrowing discovery relevant to the alleged jurisdictional and dispositive issues first, and only if jurisdiction exists, should the parties then engage in class discovery. *Id.*

Plaintiff responds that Defendant's motion, a year into the case, is an attempt by new counsel to test new legal theories and in fact that Defendant's reliance on non-binding decisions is faulty. [DE-38] at 1–2. According to Plaintiff, Defendant may move for the dispositive relief it seeks at any time and there is no need to further delay the case. *Id.* at 2.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief

4

[to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Wright & Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2010)); *Franklin Livestock, Inc. v. Boehringer Ingelheim Vetmedica, Inc.*, No. 5:15-CV-00063-BO, 2016 WL 7613690, at *2 (E.D.N.C. Sept. 26, 2016) (describing the good cause standard as "nebulous and largely in the discretion of the Court, but at a minimum requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence.'"). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).

New counsel's desire to modify the scheduling order to comport with its litigation strategy, essentially allowing Defendant a "do-over," does not constitute good cause to support modification of the scheduling order. The court does not find that altering the scheduling order to comport with new counsel's defense strategy and to bifurcate discovery, which is a significant departure than what was originally agreed, suffices as good cause under Rule 16. *See* Sept. 16, 2021 Stay Order [DE-23] ("In the event Plaintiff's claim survives the motion for judgment on the pleadings, the court expects discovery will proceed expeditiously."). Moreover, during the hearing Defendant's counsel stated it was waiting on the court to modify the discovery plan in order to properly advance its jurisdictional or dispositive arguments. However, there is nothing that prevents Defendant from presenting its arguments to the court regardless of whether the case proceeds in a bifurcated fashion on not.

5

Finally, although not determinative of good cause under Rule 16, this court is not convinced the issues urged by Defendant are as clearly dispositive as Defendant asserts. See *Davis v. Safe Streets USA LLC*, 497 F. Supp. 3d 47, 54 (E.D.N.C. 2020) (holding that a single text message does constitute a concrete injury to support Article III standing for a TCPA claim, and, moreover, "the number of text messages received does not bear on the "closeness" of the relationship between the harm alleged and those common law causes of action addressed.").

For the reasons set forth above, the court denies Defendant's motion to alter the Scheduling Order to allow for bifurcated discovery. However, the court finds good cause to extend those deadlines that have lapsed during the pendency of the motions and to correspondingly extend other case deadlines and will enter a new scheduling order.

### B. Plaintiff's Motion to Compel

Plaintiff seeks an order from the court compelling Defendant to provide documents responsive to its RFPs 6–8, 10, 13-17, 20, 21, 24 and 26.

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp. Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (citation omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240

6

(E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

The court has carefully reviewed each of Plaintiff's document requests that are the subject of the motion to compel. Defendant has asserted boilerplate objections in its discovery responses and these are overruled. [DE-31-1]. Defendant has also asserted objection to these requests for the same reasons it made in support of its motion to amend the scheduling order. Defendant's objections to Plaintiff's discovery requests are overruled. *See e.g., Ricard v. Robb Graham Enterprises*, LLC, 2022 WL 708496, at *2 (S.D. Fla. Feb. 3, 2022) (defendant's pending motion to bifurcate discovery provided no justification for defendant to refuse to answer class discovery). The court does not find the requests are otherwise objectionable. Defendant is ordered to produce the requested documents

with twenty-one days of this order.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion, [DE-31], is allowed and Defendant's motion [DE-34], is denied.

So ordered, the 2nd day of August 2022.

Robert B. Jones, Jr.
United States Magistrate Judge