IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:21-CV-74-BO

| | | |
|---|---|---|
| JO ANNE SILVA, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| CONNECTED INVESTORS, INC., | ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' joint motion to stay this matter pending mediation. [DE-57]. On August 2, 2022, the court entered an amended scheduling order, which included a discovery deadline of March 3, 2023 and a dispositive motions deadline of May 5, 2023. [DE-52]. Defendant filed a motion for summary judgment on August 9, 2022, [DE-53], to which Plaintiff responded, [DE-58]. The parties request a stay of all case deadlines pending mediation to occur on or before September 26, 2022. [DE-57] at 1–2.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular

defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Here, the balance of factors weighs in favor of allowing a stay. The mediation may result in dismissal of some or all of Plaintiff's claims. *See Ramirez-Rodriguez v. Wal-Mart Sore East, L.P.*, No. 5:12-CV-585-BO, [DE-40] (E.D.N.C. Feb. 28, 2013) (allowing motion to stay where allowance of defendant's pending motion for partial dismissal would result in dismissal of most of plaintiff's claims). The delay inherent in staying the case is not likely to be inordinate and it does not appear that a stay will be inefficient. *See Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *3 (E.D.N.C. Mar. 20, 2019) ("Although the TBM parties are correct that stay of discovery will result in further delays and the pending motions to dismiss would not fully dispose of all matters in this case, the court finds a stay pending resolution of the motions to dismiss warranted in this situation," where the scope of discovery would be significantly narrowed).

Accordingly, for good cause shown, the motion to stay this matter, [DE-57], is allowed as follows:

1. Case deadlines are stayed up to and including **Monday, October 10, 2022**;
2. The parties shall file a Status Update on or before **Monday, October 10, 2022** informing the court of any pre-trial resolution;
3. If the parties have not resolved the case, the Status Update will include the Parties' proposal on entry of a new Scheduling Order; and
4. Plaintiff shall immediately notify the court should her claims against Defendant be resolved.

SO ORDERED, the 1st day of September, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge